**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | CRIMINAL  NO. H-02-058 |
| | § | |
| GREGORY L. HUNT, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| (Civil Action No. H-04-04095) | § | |

## MEMORANDUM AND ORDER

Gregory L. Hunt has filed a motion for relief under 28 U.S.C. § 2255, attacking the evidentiary basis for the conviction and the sentence he received, asserting that he was denied effective assistance of counsel on appeal, and arguing that the recent Supreme Court decision in *United States v. Booker,* 125 S.Ct. 738 (2005)   provides a basis for relief.  The government has answered and moved to dismiss based on procedural default, the lack of any record support for the other challenges Hunt raises, and the inapplicability of *Booker* to this case.

Based on a careful review of the section 2255 motion, the motion to dismiss and response, the record, and the applicable law, this court grants the government's motion to dismiss, for the reasons set out in detail below.

## I.    Background

On February 6, 2002, Hunt was indicted on two counts:  one for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one for receiving or possessing an unregistered firearm, in violation of 26 U.S.C. § § 5861(d) and 5871.  State law enforcement officers executed an arrest warrant for Hunt in December 2001, after a complaint that he possessed a large number of firearms.  Officers found ten loaded handguns and three unloaded long guns, included two stolen firearms, as well as  marijuana and drug paraphernalia.  Federal law enforcement agents obtained an  an arrest warrant, which they executed in January 2002.  The agents found additional weapons, including a loaded semi-automatic pistol and a short barrel shotgun.

Hunt waived his right to a jury trial and convicted after a bench trial on stipulated facts.  The stipulated facts included the elements for a conviction on count one – that Hunt knowingly and unlawfully possessed eleven listed firearms and the prior felony conviction – and the elements for a conviction on count two – that Hunt knowingly possessed the short barrel rifle and knew its characteristics, and that it was not registered to him.

At sentencing, the court applied the 2001 edition of the Sentencing Guidelines. In this motion under section 2255, Hunt challenges the following rulings of this court:  this court's refusal at sentencing to reduce the offense level for acceptance of responsibility because Hunt was on bond when he committed the offenses of conviction; the court's four-level increase in the offense level because Hunt possessed the firearms in connection with the possession of drugs; and this court's two-level increase in the offense level because two

of the firearms were stolen.  Hunt objected at the sentencing hearing to these aspects of the presentence report, and this court overruled each of these objections.  The total offense level resulting from the rulings was 30.  With the criminal history category of V, the guideline range was 151 to 188 months.  Hunt received a sentence of 151 months, consisting of 120 months on count one and 30 months on count 2, imposed consecutively.

On direct appeal, Hunt raised only one issue: the constitutionality of his conviction under 18 U.S.C. § 922(g)(1).  The Fifth Circuit affirmed his conviction, and the Supreme Court denied *certiorari*.  This motion followed.

Hunt asserts ineffective assistance of counsel on appeal and a number of substantive claims.  Both categories are examined below.

## II.    The Applicable Legal Standards

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted).  A section 2255 motion requires an evidentiary hearing

unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)), *cert. denied*, 112 S. Ct. 978 (1992). A movant is barred from raising claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *Id.* at 232 (citations omitted). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n.7, *quoted in United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 113 S. Ct. 621 (1992).

To obtain collateral relief under 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.*; *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Hunt is proceeding *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v.*

*Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

The procedural default rule, bars section 2255 relief on claims the movant could have, but did not, raise at trial or on direct appeal.  The Supreme Court has stated that, in a section 2255 proceeding, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  *Frady*, 456 U.S. at 167- 68, 102 S.Ct. 1584; *see also United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000) ("A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."). The procedural bar does not apply to claims that could not have been raised on direct appeal, such as ineffective assistance of counsel, when those claims require the development of a factual record or are not discoverable until after appeal.  *See, e.g., United States v. Marroquin*, 885 F.2d 1240, 1245- 46 (5th Cir. 1989) (noting that a federal prisoner's double jeopardy challenge to multiple sentences would be more properly raised in a section 2255 motion than on direct appeal); *but see Amiel v. United States*, 209 F.3d 195, 198 (2d Cir. 2000) ("[A]bsent a showing of cause for the procedural default and actual prejudice, a defendant may not raise

an ineffective assistance claim for the first time on collateral attack if the defendant had new counsel on direct appeal and the claim is based solely on the record developed at trial.").

## III.   Analysis

Hunt makes a number of substantive claims that he failed to raise on direct appeal. These claims include the application of the sentencing guidelines and the sufficiency of the evidence to support his conviction.  The government has moved to dismiss based on Hunt's failure to raise any of these claims on direct appeal.   Because Hunt procedurally defaulted this issue in the criminal proceedings, ordinarily he would have to show both cause for his procedural default and prejudice resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)) (imposing the "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal); *see also Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (stating that "[w]here the petitioner--whether a state or federal prisoner--failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice. . . .' ").  However, a claim for ineffective assistance of counsel is properly made in a section 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be raised on direct appeal.  Ineffective assistance of counsel may constitute cause and prejudice sufficient to overcome the procedural default doctrine. *United States v.  Conley*, 349 F.3d 837, 839 (5th Cir. 2003).

The record does not disclose any basis to find that Hunt has claimed actual innocence; shown cause for failure to raise the claims on direct appeal; or shown actual prejudice from the failure.  Hunt has procedurally defaulted all claims except ineffective assistance.

Alternatively, even viewed on the merits, Hunt has failed to show that any of the substantive claims he seeks to raise under section 2255 would entitle him to the relief he seeks.  Hunt seeks to challenge this court's application of the sentencing guidelines, including the enhancement for possessing a firearm in connection with a drug trafficking crime and failing to award him a reduction in the offense level for acceptance of responsibility.  The law is clear that section 2255 cannot be used to challenge application of the sentencing guidelines that do not raise constitutional violations.  *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000), *cert. denied,* 531 U.S. 1132 (2001).

Hunt's claims also fail on the merits.  His argument that the guideline enhancement for possessing a firearm in connection with another felony offense requires a conviction for that felony offense is without basis.  See USSG § 2K2.1(b)(5); *United States v. Condren*, 18 F.3d 1190 (5th Cir. 1994).  The stipulated facts showed that agents found the firearms and 1.15 kilograms of marijuana within ready reach, along with drug paraphernalia.  The evidence amply supported a finding that Hunt possessed a number of firearms in connection with felony drug possession, at a minimum, and support finding that the firearms were possessed in connection with felony drug distribution as well.  The challenge is without merit.

Hunt also argued that the evidence was insufficient to convict him of possessing a firearm that was unregistered, because the firearm that was the basis of the conviction under count 2 was registered to another person.  Hunt's challenge to the sufficiency of the evidence to support his conviction under count 2 is without merit.  Hunt stipulated that the firearm was not registered to him.  That stipulation precludes the argument he now makes.

Hunt also challenged this court's refusal to credit him for acceptance of responsibility and reduce the offense level accordingly.  The guidelines fully support denial of such credit for a defendant who violates the conditions of release on bond by committing another felony offense.  Because the record reveals undisputed facts showing that Hunt violated the conditions of his release on bond, the denial of the credit he seeks is not a violation of Hunt's federal rights.

Finally, Hunt argues that there was insufficient evidence to show that the firearms he possessed affected interstate commerce.  This issue is both procedurally barred by the adverse decision on the direct appeal and foreclosed by applicable precedent.  *See United States v. Daugherty*, 264 F.3d 513 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1113 (2002).

Hunt also argues that he is entitled to relief under 28 U.S.C. § 2255 because the Sentencing Guidelines were applied to him in an unconstitutional manner, based on *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005) and *Blakely v. Washington*, — U.S. —, 124 S. Ct. 2531 (2004).  Because *Booker* was decided after the defendant's conviction became final, his claim depends on whether this decision retroactively applies to claims raised on collateral challenges.

In *Blakely*, the Supreme Court invalidated a sentence imposed under the sentencing regime in place in the state of Washington.  In doing so, the Supreme Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  The Supreme Court extended this ruling on January 12, 2005, in *United States v. Booker*, — U.S. —, 125 S. Ct. 738, 749 (2005), after finding "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely*.  The Supreme Court held that the mandatory character of the Sentencing Guidelines was incompatible with the Sixth Amendment right to a jury trial.  *Id.*, 125 S. Ct. at 749-50.  As it did in *Blakely*, the Court in *Booker* extended the holding in *Apprendi* with the following modification: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Id.*, 125 S. Ct. at 756.

To the extent that *Blakely* and *Booker* represent a new rule, the retroactivity rule set out in *Teague v. Lane*, 489 U.S. 288 (1989), bars relief on collateral review to cases that became final before the new rule was announced.  Hunt's conviction became final on November 3, 2003, when the Supreme Court denied his petition for a writ of *certiorari*, long before *Booker* was decided on January 12, 2005.  The rule in *Booker* that Hunt seeks to enforce is new.  Although *Blakely* rests on *Apprendi*, which holds that all facts used to

increase a sentence beyond the statutory maximum must be charged and proven to a jury, *Blakely* advanced a new understanding of "statutory maximum" for purposes of imposing sentence: "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 124 S. Ct. at 2537 (emphasis in original).  Before *Blakely*, every federal circuit court of appeals had held that *Apprendi* did not apply to Sentencing Guideline calculations based on judicial fact findings, so long as the sentence was imposed within the statutory maximum as determined by the United States Code.[1]  By contrast, the statutory maximum under *Blakely* "is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant.*"  124 S. Ct. at 2537 (emphasis in original).  After *Blakely* was decided, courts were divided about whether its holding applied to the Sentencing Guidelines.[2]  This question was resolved on January 12,

---

[1]     *See, e.g., United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3rd Cir. 2003): *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001).

[2]     The Fifth Circuit initially held that *Blakely* did not affect the Sentencing Guidelines at all. *United States v. Pineiro*, 377 F.3d 464, 465-73 (5th Cir. 2004). The Second, Fourth, Sixth, and Eleventh Circuits also reached that conclusion. *See United States v. Mincey*, 380 F.3d 102 (2d Cir. 2004); *United States v. Hammoud*, 378 F.3d 436 (4th Cir. 2004) (en banc); *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc); and *United States v. Reese*, 382 F.3d 1308, 1310 (11th Cir. 2004).

2005, when the Supreme Court decided Booker, and held that the rule in *Blakely* applied to the Sentencing Guidelines.  The rule that Hunt asks this court to apply was  a new rule.

Once a rule is determined to be new, the final prong of a *Teague* inquiry asks whether the new rule fits within an exception to the retroactivity doctrine.  The *Teague* doctrine does not apply to substantive rules, which include "decisions that narrow the scope of a criminal statute by interpreting its terms," as well as "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, — U.S. —, 124 S. Ct. 2519, 2522-23 (2004) (internal citations and quotations omitted).  Substantive rules of this sort "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of "an act that the law does not make criminal"' or faces a punishment that the law cannot impose upon him." *Id.* (citation and quotation omitted).  The *Blakely* rule that was extended in *Booker*, which involves only the manner in which a defendant's sentence is determined, does not qualify as substantive under this standard.  The rule is procedural, subject to the *Teague* doctrine of nonretroactivity.  *See id*. 124 S. Ct. at 2523 (explaining that "rules that regulate only the *manner of determining* the defendant's culpability are procedural").

An exception to the *Teague* doctrine exists if a new procedural rule requires the observance of procedures that are "implicit in the concept of ordered liberty." 489 U.S. at 307.  This exception is reserved for the "small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Summerlin*, 124 S. Ct. at 2523 (citing *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (quoting *Teague*, 489

U.S. at 311)).  To fit within this exception, a new rule must meet two requirements: (1) infringement of the rule must "seriously diminish the likelihood of obtaining an accurate conviction," and (2) the rule must "alter our understanding of the *bedrock procedural elements* essential to the fairness of a proceeding."  *Tyler v. Cain*, 533 U.S. 656, 665 (2001) (citing *Sawyer v. Smith*, 497 U.S. 227, 242 (1990) (quoting *Teague*, 489 U.S. at 311)) (emphasis in original) (citations and internal quotations omitted).  An example of such a "watershed" rule that might fit within the second *Teague* exception is the rule in *Gideon v. Wainwright*, 372 U.S. 335 (1963), which established the affirmative right to counsel in all felony cases.  *See Beard*, 124 S. Ct. at 2513-14 (commenting that the Supreme Court has yet to find a new rule which fits within the "watershed" category, but that the holding in *Gideon* "might" be such a rule).  Supreme Court precedent precludes a finding that the rule in *Blakeley* fits within this *Teague* exception.  *See Summerlin*, 124 S. Ct. at 2525 (holding that the decision in *Ring v. Arizona*, 536 U.S. 584 (2002), which invalidated judicial fact finding in death penalty cases under the rule announced in *Apprendi*, was a procedural rule not retroactive on collateral review).  The rule in *Blakely* is not retroactive to cases on collateral review.  *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) ("We conclude, therefore, that *Blakely* did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions.").

The holding in *Booker* plainly applies only to "cases on direct review" and is not retroactive to a collateral challenge of the sort raised by the defendant.  *Booker*, 125 S. Ct. at 769.  Every circuit court of appeals to address this question has agreed that *Booker* is not

applicable to collateral challenges filed under 28 U.S.C. § 2255. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude . . . that *Booker* does not apply retroactively to criminal cases that became final before its release on Jan. 12, 2005."); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. 2005) (rejecting an initial § 2255 motion and holding that *Booker* does not apply retroactively to cases already final on direct review); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."). Because his *Booker* claim is barred by *Teague*, the defendant is not entitled to relief on this issue under 28 U.S.C. § 2255.

The final set of issues Hunt raises is ineffective assistance of appellate counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that such deficient performance was prejudicial. *Strickland*, 466 U.S. at 687; *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). In assessing whether an attorney's performance was deficient, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Additionally, in order to show prejudice, a petitioner must demonstrate that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052. "Thus, an analysis focusing solely on mere outcome determination, without attention to whether the

result of the proceeding was fundamentally unfair or reliable, is defective." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

The government has moved to supplement the record to include the affidavit of Michael Sokolow, the Assistant Federal Public Defender who represented Hunt on appeal. That motion is granted.  The record reveals no basis to find ineffective assistance, as Hunt asserts.  To the contrary, the record reveals that all the issues Hunt asserts he wished to raise on appeal were frivolous, as a matter of law, given the stipulations that formed the basis of the bench trial and the applicable law.  Hunt has not shown a basis to find either deficient performance or prejudice, and cannot use  ineffective assistance of appellate counsel as a basis of habeas relief.

## IV.    Certificate of Appealability

Hunt's section 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  A certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all the reasons set forth above, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether any procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue.

**V.     Conclusion and Order**

Based on the foregoing, this court finds that Hunt is not entitled to the relief that he seeks.  Hunt's section 2255 motion is **DENIED** and the corresponding civil action is **DISMISSED** with prejudice.  A certificate of appealability is **DENIED**.

Final judgment will issue by separate order.

SIGNED on May 20, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge